IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,262-01






EX PARTE DEON LAVELL WHITE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F08-60814-YN IN THE 195TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
cocaine and sentenced to eight years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. White v. State, No. 05-09-00601-CR (Tex. App-Dallas June 24, 2010).

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed and that he
had a right to file a pro se petition for discretionary review.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on
appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
appellate counsel timely informed Applicant that his conviction had been affirmed. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 19, 2012 

Do not publish